# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DEMARCO T. THOMAS,  :
AIS 211109,
:
    Petitioner,
:
vs.                                        CA 09-0047-CG-C
:
J.C. GILES,
:
    Respondent.

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on petitioner Demarco Thomas' motion for leave to appeal *in forma pauperis* (Doc. 29). For the reasons stated below, it is recommended that Thomas' motion for leave to appeal *in forma pauperis* be denied on the basis that it is not taken in good faith and that he be required to pay the filing fee pursuant to 28 U.S.C. § 1915(b).

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the petitioner does not have an opportunity to file objections. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

## BACKGROUND

Thomas filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court on January 14, 2009 (*see* Doc. 1, at 7) challenging the validity of his October 3, 2005 first-degree robbery conviction in the Circuit Court of Baldwin County, Alabama. Petitioner was sentenced, on December 21, 2005, to life imprisonment in accordance with Alabama's Habitual Felony Offender Statute. On July 1, 2009, the undersigned issued a Report and Recommendation that the petition be denied on the basis that this Court is procedurally barred from reaching the merits of the claims raised in the petition. (*See* Doc. 19)[2] Thomas' objections to the report and recommendation (Doc. 22) were overruled by Chief United States District Judge Callie V. S. Granade and judgment was entered denying the § 2254 petition (Doc. 24).

On August 5, 2009, Thomas filed a notice of appeal (Doc. 25) and a motion for appointment of counsel (Doc. 26). Chief Judge Granade entered the following endorsed ruling with respect to these two motions on August 17, 2009: "He did not specifically request a certificate of appealability, however, the court construes the motion to include such a request. Having reviewed the record, the court finds that petitioner has not made a substantial showing of the

---

[2]   The undersigned also parenthetically noted that petitioner had failed to establish his actual innocence. (*See id.* at 23-24 & n.3)

denial of a constitutional right, and therefore the motion for certificate of appealability is DENIED. The motion to appoint counsel [] is therefore MOOT." (Doc. 28)

On August 21, 2009, Thomas filed a motion for leave to appeal *in forma pauperis*. (Doc. 29) While the undersigned is of the opinion the this Court's August 17, 2009 endorsed ruling denying petitioner's implicit motion for certificate of appealability arguably moots his motion to proceed on appeal *in forma pauperis*, out of an abundance of caution the undersigned considers Thomas' motion.

Thomas provides nothing in the way of articulating the issues he desires to present on appeal. His notice of appeal/request for appointed counsel (Docs. 25-26) identifies no appellate issues nor do any appellate issues appear in his motion for leave to appeal *in forma pauperis* (Doc. 29).

## **DISCUSSION**

A determination whether petitioner's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Fed.R.App.P. 24. *See Ex parte Chayoon*, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citation omitted). Section 1915(a) provides, as follows:

> (1)   Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense

of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(3) ***An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.***

*Id*. (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

**(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

**(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

**(B)** claims an entitlement to redress; and

**(C)** states the issues that the party intends

4

> to  present on appeal.
>
> **(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval.**   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> **(A)** the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>>
>> **(B)** a statute provides otherwise.

*Id*.

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *Chayoon, supra*, at *1 (citation omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, *1 (S.D. Ohio 2008); *see also Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct.

917, 921, 8 L.Ed.2d 21 (1962).

The Court has thoroughly addressed the pertinent issues in this case (*see* Docs. 19 & 23-24), and, therefore, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal. Accordingly, it is recommended that the District Judge deny Thomas' motion to proceed *in forma pauperis* on appeal and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## **CONCLUSION**

It is recommended that the District Judge deny the motion to proceed *in forma pauperis* on appeal (Doc. 29) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this the 4th day of September, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**